CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
William Douthit sold and delivered a mare to Benjamin Shye, of Cabell County, Virginia, on a credit of nine months. Shye being unable to pay the price, it was advanced to Douthit by the appellant, Peter Buffington, in consideration of an agreement that unless within twelve months the money thus loaned to Shye should be refunded the mare should be the property of Buffington, to be delivered to him on demand. According to these facts, the mare was the absolute property of Shye when he made the conditional sale to Buffington. To the validity of such a sale against the world delivery of possession to Buffington was not necessary; and even if the sale had been absolute, and therefore without correspondent change of possession constructively fraudulent against Shye’s creditors, still it would have transferred the title as between the parties to it; and consequently at the expiration of the twelve months, the money not being refunded, the mare was the absolute property of Buffington, who then had the right of possession also, if the sale was made in fact and in good faith.
Shortly after the expiration of the probationary twelve months, Shye still retaining the possession, soldiers forcibly took it from him, and carried it off to the state of Ohio and sold it there, where it remained until the year 1867, when the • appellee, claiming it and its two colts as a purchaser from a remote vendee of the captors, brought it back, in 1867, to Kentucky, where in 1869 this action for wrongful conversion of the mare and. its issue since the capture was brought by the appellant against the appellee.
*233 On the trial the circuit court instructed -the jury on the foregoing facts to find for the appellee, which being accordingly done, judgment was rendered in bar of the action.
The appellant proved a demand of the mare and a refusal by the appellee to surrender it before the action was brought. In addition to the general issue the statute of limitations was also pleaded. And, whatever may be said about collusion between Shye and the appellant, the evidence of it was not such as to justify the peremptory instruction on that ground; nor was there any other sufficient ground. The appellant’s title and the appellee’s conversion were sufficiently proved. The statute of limitations did not bar this action; 1. Because the immediate removal of the mare and of the captors from Kentucky, and continued retention of the mare, there prevented the running of the statute; and 2. The action being against the appellee for his own conversion only, the statute did not begin to run in his favor until a cause of action had accrued against him by his refusal on demand to surrender the mare only about two years after the return to Kentucky.
It seems to this court therefore that the consideration of the facts ought to have been left to the jury, on proper instructions asked, as to the law of the case.
Wherefore the judgment is reversed, and the cause remanded for a new trial.