## THOMAS C. GURNEY v. HENRY COLLINS AND THOMAS JEYNES.

*Vendor and vendee—Conditional sale—Contract by correspondence —Evidence—Submission to jury.*

1. Plaintiff sued defendants for a brick-making machine and appurtenances, and on the trial introduced four letters from defendants covering a period of 60 days, which the court held made out a *prima facie* case. In the first, defendants asked for details of machine, and lowest prices; in the second, ordered the shipment to them of a machine at once, with everything attached, in perfect order ; in the third, gave size of moulds, and reiterated request for immediate shipment ; and in the fourth, which purported to be in answer to one received from plaintiff, informed him that they were supplied with trucks, and again urged the immediate shipment of the machine. Plaintiff then testified to shipping machine and moulds to defendants, according to order, and the price, which defendants had not paid. The court held this to make a *prima facie* case, and refused to require plaintiff to show the correspondence on his own side, a part of which was brought in subsequently by defendants, who were compelled to show it on their own behalf.

   *Held*, that plaintiff had not made out such ·a case, the letters, unexplained, falling short of showing what the contract was.

   *Held*, further, that he could not leave out a part of the correspondence which explained that with which it was connected.[1]

2. Where, on the trial of a suit for the price of a brick-machine claimed to have been contracted for and sold by correspondence between the parties, in which the vendor proposed to sell the machine on its *merits*, and gave the vendee the option of putting it up and trying it, and if it did not do all that was claimed for it he need not buy it, the vendee sought to avail himself of such option, and introduced positive testimony that the machine was finally and seasonably rejected, after such trial,—

   *Held*, that he had a right to go to the jury on this issue, as also upon the question whether the sale was absolute or conditional, if there was any testimony which could be regarded as making it absolute.

[1] See *Sheffield v. Linn*, 62 Mich. 151 (head-note 1), *Gates v. Nelles*, Id. 444, as to sale by correspondence; and *Gage v. Meyers*, 59 Mich. 300 (head-note 3), as to right to introduce answers to letters, admitted on direct examination of witness, on his cross-examination.

Error to Wayne. (Speed, J.) Argued January 6, 1887. Decided January 20, 1887.

Assumpsit. Defendants bring error. Reversed. The facts are stated in the opinion.

*S. E. Engle,* for appellants:

The proof established a bailment, and plaintiff could not recover for goods sold and delivered: *Bell v. Harvey,* 50 Mich. 59.

A printed circular on which a mill is ordered is competent evidence: *Phelps v. Whitaker,* 37 Mich. 76, 78.

In any event, the question of 'whether the machine was ordered and shipped pursuant to the terms of plaintiff's letter was one of fact, and for the jury: *Wheeler & Wilson Manfg. Co. v. Walker,* 41 Mich. 239.

The question of reasonable time was for the jury; and when the trial of the article is prolonged at the vendor's request, it cannot be said to be unreasonable time: *Wood, etc., Co. v. Smith,* 50 Mich. 565; *Felt v. Reynolds, etc., Co.,* 52 Id. 602, and cases cited.

*Charles M. Swift* and *William J. Gray,* for plaintiff:

An offer, to be binding, must be accepted within a reasonable time: 1 Pars. Cont. 481, 482.

What is reasonable time is usually a question of law for the court: 2 Pars. Cont. 535, 661; *Coon v. Spaulding,* 47 Mich. 162.

Unless letters claimed to constitute a contract show their relation to each other, oral testimony cannot connect them, nor can the court or jury arbitrarily determine that they are parts of one transaction. The only exception is when the papers are simultaneously executed: 3 Pars. Cont. 17.

Where the statute of frauds requires a contract to be written, the writing must contain all the elements of the contract in itself or by reference to other papers; and parol proof is inadmissible to connect other papers with the one which has been signed: Browne, Fr. § 346; *Parkhurst v. Van Cortlandt,* 1 Johns. Ch. 273; *First Baptist Church v. Bigelow,* 16 Wend. 28; *Tice v. Freeman,* 30 Minn. 389; *White v. Core,* 20 West Va. 272.

The acceptance of an offer should be clear and precise, and

be communicated to the other party: *McDonald v. Boeing*, 43 Mich. 394.

Assuming, however, that the letter was a part of the bargain, it was for the court to construe the contract, and not for the jury: *Paine v. Ringold*, 43 Mich. 341; *McKenzie v. Sykes*, 47 Id. 294; *Wagner v. Egleston*, 49 Id. 218; *Ellis v. Crawford*, 39 Cal. 523.[1]

Advertisements in praise of wares cannot be considered as warranties: *Calhoun v. Vechio*, 3 Wash. 165; *Berman v. Woods*, 38 Ark. 351; *Worth v. McConnell*, 42 Mich. 473.

The burden of proof is on the vendee to show that the machine sold is not equal to the warranty: Story, Sales, § 455.

CAMPBELL, C. J. Plaintiff, who was a manufacturer in Rochester, New York, sued defendants, under the common counts, for a brick-making machine and appurtenances, which he claimed they ordered from Detroit, and he sent to them there in April and May, 1884. Defendants pleaded the general issue.

On the trial the chief controversy was whether defendants had purchased and accepted the machine absolutely, or whether it was sent to them, or kept by them, under circumstances which made them bound to pay the purchase price as demanded. After the testimony was all in, the court took the case from the jury, and ordered a verdict for plaintiff for all he claimed.

Plaintiff's counsel undertook to make out his case, and rested his direct examination, by proof to this effect: He introduced first a letter dated February 22, 1884, from defendants, which simply asked plaintiff to—

"Write us full details of your brick-machine, and lowest prices, percentage, etc."

Next, under objection that he should show how he answered this letter (which objection was overruled), a letter was shown from defendants, of April 14, 1884, as follows:

[1] See *Gage v. Meyers*, 59 Mich. 301 (head-note 7).

"Please send us immediately your steam-power machine, all complete, with everything attached, in perfect order. Send at once, as we shall commence brick-making pretty soon."

Also a letter of April 16, 1884:

"The size of the mould is $2\frac{1}{2}$ inches thick, $8\frac{1}{4}$ long, and 4 in. wide. Please send as soon as you possibly can, because we want to start in 8 or 9 days."

Also one of April 21, 1884, purporting to answer one which plaintiff did not produce:

"Yours of the 18th to hand, and contents noted. We are supplied with trucks. Please ship the machine as soon as possible, as we want to commence making bricks about this day week."

This completed the list of letters shown by plaintiff. He then testified to shipping the machine and moulds according to the order. He swore to the price of the machine at $550, and of the moulds at $87.50 and $59.50, and that defendants had not paid him. He computed the interest at $83.34, and this was what the court allowed him. This made the interest run from early in May, between the first and second shipments.

The court held this to make a *prima facie* case, and refused to require plaintiff to show the correspondence on his own side, a part of which was brought in subsequently by defendants, who were compelled to show it on their own behalf.

The fact that it came in afterwards might have made the order of proof less important if it had not led to a misapprehension concerning the burden of proof of some consequence.

These letters, unexplained, fall short of showing what the contract was. The first was merely a letter of inquiry, which, if unanswered, was irrelevant, and had nothing to do with the case. If answered, the answer would have shown the terms and description of the property, which are not

shown by any of the other letters.   There is nothing in the testimony, as given on the direct examination, which shows any meeting of minds on what was included in the bargain, or its price or terms of payment.   The letter of April 21 contains a direct reference to a letter of plaintiff, to which it purports to be a reply, and which, therefore, was essential to its construction.   On the cross-examination a letter from plaintiff was drawn out, which appeared on its face to be plaintiff's answer to the first letter, which gave prices of various styles of machines, described the machine and its · qualities, and otherwise explained what was inquired about. This letter the plaintiff refused to put in as part of his case when produced, and the court refused to require it, intimating that he had already made a *prima facie* case, and need do no more.   In our opinion, he had not made out such a case, and could not leave out a part of the correspondence which explained the rest with which it was connected.   The first letter was meaningless without it.

This letter is a very important factor in the case, and we think the court below gave it no adequate effect.   It was written February 22, 1884, and was an answer to the letter of inquiry first put in.   There seems to be a mistake in the date of one or the other, which is not, however, important. This answer of plaintiff details at considerable length what he conceives to be the merits of the machine, with some description of its qualities and capabilities.   The prices given were $500 for horse-power and $550 steam-power, payable in net cash, referring to a circular, which is not in evidence, for more full details.   A postscript follows in these words:

"I propose to sell this machine on its merits, and, being a new machine, and not introduced in your city, if you want to buy, you can put up a machine and try it, and if it will not do all I claim you need not buy.   Your letter was forwarded to me from Rochester, which accounts for its not being answered sooner.   If you should write me within a week or two, please direct to Milwaukee."

On his cross-examination plaintiff swore that he had a traveling agent who looked after putting up these machines, and whom he sent to Detroit for that purpose. It appeared from a letter of May 8 that plaintiff had not then sent him, but was expecting to do so, and ready to do so at once if required. It appears he afterwards went to Detroit, and acted in the matter.

There was testimony showing a series of experiments and breakages and failures after the machine was set up, and tending to show that changes were made by plaintiff and his agent; and also testimony tending to show, although in some things conflicting, that defendants were unwilling to keep the machine, which did not work well, and that plaintiff urged further experiment, and that finally defendants refused to retain it. But, nevertheless, the court below ordered a verdict for plaintiff.

It seems to have been assumed by the circuit court that there was an absolute sale shown beyond contradiction, and a defense in the nature of breach of warranty. But such was not the real state of things.

There was nothing in the case to show that the letter from plaintiff of February 22 was designed to be acted on at once, and disregarded if not at once acted on. The propositions of price and terms of payment were not restricted by its terms; and the proposition to make a conditional sale, in order to have the machine introduced, was one which defendants had a right to act on as continuing, unless in some way notified to the contrary. If their order, which was a part of a train of correspondence, was not to be accepted under that communication, there was nothing to indicate that they were so informed, and the order distinctly referred to that to show what machine defendants wanted. The testimony indicates that both parties were acting on the same idea, and there was no evidence of any demand of payment until August, and none of any bill rendered at any time. If the sale was con-

ditional, the testimony of defendants was positive that it was finally and seasonably rejected; and upon this issue they had a right to go to the jury, as they had also upon the question whether the sale was absolute or conditional, if there was any testimony which could be regarded as making it absolute. We have found no such testimony.

We do not think the court had any right to take the case from the jury. The real—and, so far as we can see from the record, the only—question was whether the sale ever became absolute by delay, estoppel, or otherwise. The pleadings for the defense did not bring in the defense of breach of warranty. They met distinctly the charge of a sale, on which plaintiff was suing for the price or value. The deficiencies bore on the duty to accept, and the right and seasonableness of rejection.

The judgment must be reversed, and a new trial granted. In addition to the regular costs, defendants are entitled to $20 for the costs of a motion here to have the bill of exceptions remanded, and of attending the circuit judge, who failed to find any occasion to change it.

The other Justices concurred.