## SMITH v. NIXON.

1. PLEDGES — CONDITIONAL SALES — CHARACTER OF TRANSACTION
   —QUESTION FOR JURY.
   In an action by an indorser against the maker on a promissory
   note, evidence examined, and *held*, that whether a transfer
   of stock from defendant to plaintiff at the time of indorsing
   the note was a conditional sale thereof, or a pledge to se-
   cure payment of the note, was a question for the jury.

2. JUSTICES OF THE PEACE—PLEADINGS — NOTICE OF SPECIAL DE-
   FENSE.
   A notice of special defense, filed with the plea in justice's court,
   which contains, in substance, a statement of the facts upon
   which defendant relies in circuit court, is properly held suf-
   ficient in circuit court, irrespective whether it conforms
   strictly to the rules of pleading.

3. TRIAL—INSTRUCTIONS—REQUESTS.
   It is not error to refuse requested instructions which are either
   covered or obviated by the general charge.

4. PRINCIPAL AND SURETY—AGREEMENTS INTER SE—INSTRUCTIONS.
   Where, in an action by the indorser against the maker on a
   promissory note, the defendant claims to have transferred
   stock to plaintiff in payment of the obligation, and that
   plaintiff agreed if he sold the stock to pay defendant the ex-
   cess received over the amount of the note, it is error to charge
   that, if plaintiff failed, through negligence, to realize on the
   stock, he cannot recover.

5. EVIDENCE—ADMISSIBILITY—CHARACTER OF PARTIES.
   In an action on a promissory note it is improper to receive evi-
   dence of other alleged fraudulent dealings on the part of
   plaintiff not connected with the transaction in issue.

Error to Hillsdale; Chester, J. Submitted June 8
1906. (Docket No. 71.) Decided September 20, 1906.

Assumpsit by George N. Smith against Byron A.
Nixon on a promissory note. There was judgment for
defendant, and plaintiff brings error. Reversed.

145 MICH.—38.

*F. M. Hall*, for appellant.

*Frankhauser & Cornell* and *Merton Fitzpatrick*, for appellee.

BLAIR, J.    Plaintiff brought this suit to recover the amount paid by him to the First National Bank of Hillsdale in discharge of a promissory note for $200 given to the cashier of the bank, signed by Byron A. Nixon, George N. Smith, and A. B. Cummins.    The money obtained by means of this note was received by Nixon, who, as to the other signers, was the maker of the note.    At the time of making the note, Nixon delivered to Smith and Cummins 50 shares of stock of a corporation of which Smith was president and Cummins was secretary and treasurer, and the precise character of this transfer presents the important question of fact in the case and determines the legal rights of the parties.    The plaintiff testified that the stock was deposited with Cummins and himself as a collateral security merely, without any indorsement of the certificate or written assignment.    The defendant's testimony is not entirely consistent.    Both parties agree that the stock, at the time of giving the note, was worth 75 cents on the dollar.    Defendant says that he required $200 to meet an obligation, and, for the purpose of raising the money, offered his stock for sale and had received an offer of $300.    Cummins and Smith, who owned the majority of the stock of the company, learning of this, and because of the influence such sale might have upon the value of their stock, requested defendant not to sell and—

"Mr. Smith says, I will make arrangements at the First National Bank to give note for 90 days and we will take your stock and give you 90 days to redeem it, if you prefer to, or if they should keep the stock and dispose of it, they would give me a share of the difference, whatever it sold for."

That upon this understanding the note was signed, and thereupon Mr. Smith drew up a paper stating that, "if

this note was not paid in 90 days or at maturity of note, Geo. N. Smith should hold the stock as his without any further ceremony." This paper was signed by Nixon and delivered with the certificate of stock to Smith.

"I only needed at that time $200. It is a fact that I didn't want to sacrifice this stock and sell it for $300 when the market value of it was $375. I didn't think I was going to sacrifice it. I supposed they were men of their word and would pay me the difference when they transferred or sold it. I gave this stock to Mr. Smith to secure him for signing this note. I let him have it for $200."

The note was not paid when due, but was renewed; defendant testifying that he signed it again because—

"They told me they would rather not appear to be makers of the note, but were willing to secure it, and then the note was renewed. It was for an extension to them for an accommodation. * * *

"*Q.* In other words, you just handed over this $100, or $175, in this certificate and never said one word about it?

"*A.* Well, I didn't suppose they had sold the stock yet, I took their word that when they did sell it—

"*Q.* Oh, they were to sell this stock, was that it?

"*A.* Well, if they did sell it, they was going to divide with me whatever they got for it—the difference between the $200 and what they got. * * * I supposed they would do as they agreed to do. * * *

"*Q.* Mr. Smith was to take this stock and it was to be his in case you didn't pay it in a certain time?

"*A.* In case I didn't pay it in 90 days, it was to become his by written paper.

"*Q.* Well, now on top of that, what did they say about selling the stock and dividing with you?

"*A.* They said if I would turn it over to them that they would pay me the difference when they made a sale of it."

Defendant's counsel claimed that the transaction, as disclosed by defendant's proofs, was a conditional sale, and the court properly submitted to the jury the question whether there was a conditional sale of the stock to plain-

tiff, as claimed by defendant, or a pledge thereof, as claimed by plaintiff. *Buffington* v. *Ulen*, 7 Bush (Ky.), 231; *Gurney* v. *Collins*, 64 Mich. 458; *Abbott* v. *Gruner*, 121 Mich. 140.

It is claimed, however, that the defense of a conditional sale was not open under the notice annexed to the plea, which notice, it is alleged, is really a notice of recoupment. The notice was filed with the plea in justice's court where the case was first tried and contains, in substance, a statement of the facts upon which defendant relied in the circuit court. In view of the liberal construction applied to pleadings in justice's court, and the fact that it fairly apprised the plaintiff of the facts to be relied on, we think the circuit judge did not err in holding the notice sufficient to authorize the defense relied upon.

Plaintiff assigns error upon the refusal of the court to give his requests to charge from the second to the eighth, inclusive. These requests, so far as proper to be given, were either covered or obviated by the following charge, which was certainly as favorable as plaintiff was entitled to, viz. :

"Then, gentlemen, you are instructed that if you find from the evidence in this case that this Hillsdale Manufacturing stock was deposited with Mr. Smith as collateral security merely, and that the title to it remained in the defendant, Mr. Nixon, then the plaintiff is entitled to recover in this case.

"I do not think under the law in this case, if you find this to be deposited merely as security, that Mr. Smith was under any obligation to foreclose that security or to realize on the stock or take any steps toward converting it into cash or its equivalent. And if you find this to be the situation—that is, if you find that Mr. Smith's story and his claim of this transaction is the correct one—then you will find for the plaintiff in the sum of whatever you find this claim amounts to, and in determining that amount, gentlemen, you would figure interest on the amount of this second note when it matured at the bank at 7 per cent. straightaway from that time until this, and that would be the amount that the plaintiff would be entitled to recover.

"On the other hand, gentlemen, you are instructed that if Mr. Smith received this stock according to the claim of Mr. Nixon—that is, that the stock, the title to the stock passed to Mr. Smith with the privilege to Mr. Nixon to pay the note within 90 days and then have the stock back, and Mr. Nixon failed to pay this note, and it was then to become the property of Mr. Smith, and the stock was not left with Mr. Smith as security merely—then the plaintiff cannot recover in this case.

"To state it differently, if you find that Mr. Smith received this stock as a sale to him on condition that the defendant pay this note within a given time and if he (defendant) failed so to do that the stock became that of Mr. Smith, and that Mr. Smith and Mr. Nixon both understood that this was the arrangement, then the plaintiff could not recover."

Plaintiff further assigns error upon the giving of the following instruction to the jury:

"There has been some claim here in the evidence on the part of the defendant that Mr. Smith was to take this stock under the circumstances detailed by the defendant, and, if the defendant failed to pay this debt, then the stock should become Mr. Smith's, and Mr. Smith should have the right to sell it and take his pay out of it and return the balance, if any, to Mr. Nixon. If you find that this was the arrangement that was made, then it became Mr. Smith's duty, acting as a reasonably cautious and prudent business man would under like circumstances, to sell this stock within a reasonable time and so apply the proceeds on this note and give the balance, if any, to Mr. Nixon. And if under such an arrangement Mr. Smith failed to realize on the stock by his own fault and negligence—that is, he not exercising that care and caution that would be exercised by the ordinarily careful and prudent business man under like circumstances—then he cannot recover in this action."

We think this assignment is well founded. The arrangement, as stated by the defendant, did not contemplate any obligation on the part of the plaintiff to sell the stock. He was at liberty to hold it, if he saw fit. It was only in the event that he did sell it that he was to divide with the defendant. This arrangement was not part of

the written agreement, and it is a fair inference from defendant's testimony that he did not rely upon it as a binding obligation, but merely as a moral obligation. If this arrangement were a part of the legal agreement, it would invalidate defendant's claim of a conditional sale.

In view of a new trial, we think it proper to suggest that testimony of other alleged fraudulent dealings of the plaintiff not connected with this transaction should not be received in evidence. There are no other assignments of error which require discussion.

For the error above referred to, the judgment is reversed.

CARPENTER, C. J., and McALVAY, GRANT, and MOORE, JJ., concurred.