ALLEN v. HOOK.

1. BILLS AND NOTES—PLEDGE OF STOCK—EVIDENCE.

In an action on a note, as collateral to which a certificate for shares of stock was indorsed in blank and delivered to plaintiff at the time of making the loan, evidence *held*, insufficient to show that there was any understanding at the time the note was given that if it was not paid the plaintiff would sell the stock or would hold same as payment.

2. SAME—PLEDGE OF STOCK—COLLATERAL SECURITY.

One who holds corporate stock as collateral security for a note has the right to retain it until the note is paid, and he is under no obligation to sell the collateral before

bringing suit, nor can he be charged with negligence in failing to do so, nor can he be charged with the loss, even though the stock depreciates in value after maturity.

3. SAME—CORPORATE STOCK—CONVERSION.

There is no conversion of a stock certificate which is indorsed in blank at the time it is, delivered as collateral security for a note to the pledgee where the latter does not cause it to be transferred to himself upon the books of the company, but still has possession of it at the time of trial of the action on the note and at no time refuses to deliver it upon tender of payment of the note.

Error to Wayne; Van Zile, J. Submitted April 4, 1917. (Docket No. 37.) Decided September 27, 1917.

Assumpsit in justice's court by William S. Allen against Frank E. Hook on a promissory note. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*E. A. Frink,* for appellant.

*Selling & Brand,* for appellee.

FELLOWS, J. Plaintiff sued defendant upon a promissory note for $150, dated February 13, 1909, due in 60 days thereafter. As collateral thereto a certificate for 150 shares of the stock of the International Machine Company was indorsed in blank and delivered to plaintiff at the time the money was loaned. Under the general issue defendant gave the following notice:

(1) That it was the understanding between the parties at the time of the giving of the note and security that if the note was not paid plaintiff would sell the stock or would hold the same as and for payment of the note.

(2) That defendant was led to believe, because of the silence of the plaintiff, that the note had been fully paid by reason of the plaintiff continuing to hold the stock.

(3) That plaintiff had fully intended to hold and convert the stock, and that he would have done so had the enterprise been successful, and that his failure to realize on the collateral was negligence, and that defendant was led to believe that plaintiff had either sold the stock or had converted the stock to his own use.

At the conclusion of the proofs the trial court directed a verdict for the plaintiff for the face of the note and the accrued interest, amounting in all to $216. The question to be determined is whether the trial court was in error in so doing.

1. The first defense stated by defendant in his plea may be disposed of by saying that it was not proven. There was no testimony showing or tending to show that there was any understanding at the time the note was given that if it was not paid plaintiff would sell the stock or would hold the same as payment. The nearest approach to it was testimony of defendant that some time after the maturity of the note he met plaintiff on the street and requested him to take the stock as payment, and later on the same day wrote him the following letter:

"February 14, 1910.

"Mr. W. S. ALLEN,
"City.

"*Dear Will:* Confirming my talk with you this morning if you wish to cancel my $150 note and hold the stock you have in the above company it will be satisfactory; but I would like to have you decide definitely at once, as I think I can arrange to place the stock elsewhere."

Defendant admits that plaintiff made no reply to his request that he take the stock in payment of the note, and he states that no reply was received to his letter. Defendant rather seeks to give the impression that at the time he wrote the letter the stock had some value, but that later it depreciated and became worthless, and that had he not understood that plaintiff

was to retain it in payment of the note he would have disposed of it to others. Plaintiff was the holder of the collateral, and as such he had a right to retain it until the note was paid. He was under no obligation to sell the collateral before bringing suit, nor can he be charged with negligence in failing to do so. *Rice* v. *Benedict*, 19 Mich. 132; *Smith* v. *Nixon*, 145 Mich. 597 (108 N. W. 971). And the mere fact that the stock depreciated in value after maturity would not charge plaintiff with the loss. *Richardson* v. *Insurance Co.*, 27 Grat. (68 Va.) 749. Defendant was at liberty at all times to redeem the collateral by making payment of the note; this he concedes he did not do, and the reason he did not do it was because he did not have the funds.

2. An attempt is made under the third paragraph of defendant's plea to claim that plaintiff converted the stock to his own use. Testimony of this fact is wholly wanting in the record. The record shows that the stock certificate was indorsed in blank at the time it was delivered to plaintiff. The plaintiff never caused it to be transferred to himself upon the books of the company. It stood in the name of the defendant during all this time. He neither sold it nor refused to deliver it upon tender of payment of the note. There was no proof that plaintiff held the stock in any other or different manner on the day he began suit than he did on the day it was delivered to him. He still had possession of it on the day of trial. Under these circumstances he could not be charged with conversion. *Feige* v. *Burt*, 118 Mich. 243 (77 N. W. 928, 74 Am. St. Rep. 390).

The testimony raised no issues of fact, and the trial court was right in disposing of it himself. The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.