FILDEW *v.* STOCKARD.

Garnishment—Pledges—Accounting.

Where certain bank stock was deposited with another bank as collateral security for loan, and pledgee, having opportunity to sell said stock at profit, attempted to do so, when it found that said certificates were not in proper form, and, instead of selling pledged stock, secured like amount of stock from other sources and consummated sale, it was not bound to account therefor to pledgor, and therefore proceeds of said sale were not subject to garnishment by its creditors.

Appeal from Wayne; Verdier (Leonard D.), J., presiding. Submitted June 6, 1933. (Docket No. 24, Calendar No. 37,220.) Decided August 29, 1933. Rehearing denied October 19, 1933.

Garnishment proceedings by John H. Fildew against Joel Stockard and another, principal defendants, and Peoples Wayne County Bank, a Mich-

igan corporation, garnishee defendant. Judgment
for plaintiff. Garnishee defendant appeals. Re-
versed, and judgment ordered entered for garnishee
defendant.

*Fildew & DeGree,* for plaintiff.

*Leslie L. Alexander* and *Howell S. White,* for
garnishee defendant.

NORTH, J. Plaintiff had judgment against the
defendant Joel Stockard & Company for $9,000.
Upon instituting the principal suit, a garnishee sum-
mons was served on the Peoples Wayne County
Bank, and subsequently judgment taken against the
bank for the amount due on the principal judgment.
The garnishee defendant has appealed.

At the time the Peoples Wayne County Bank was
served with garnishment process the principal de-
fendant was indebted to it on a promissory note in
a large amount and had deposited with it as collat-
eral security to such indebtedness certain stocks
and bonds. These included 697 shares of the Amer-
ican State Bank stock. While the garnishment pro-
ceeding was pending the bank, exercising its right
under the defendant's collateral loan note, under-
took through its brokers to sell the 697 shares of
American Bank stock. The brokers negotiated the
sale, but, upon attempting to consummate the trans-
action by delivering the stock of Joel Stockard &
Company, it was found that delivery could not be
made because at that time Joel Stockard & Com-
pany was in the hands of a receiver, and the certifi-
cates were not in proper form. Instead of selling
this stock through its brokers the garnishee defend-
ant secured a like amount of stock from other

sources and consummated the negotiated sale. It resulted in a profit for which the broker accounted to the bank for upwards of $16,000. Other items of collateral held by the garnishee defendant in connection with the indebtedness of Stockard & Company were also sold. As the result of such sales, the amount received by the bank, not including the profit made on the sale first above mentioned, is somewhat less than the indebtedness of Joel Stockard & Company to the bank. But if the $16,000 profit were to be included, the money thus received by the bank would exceed the amount due it from the principal defendant, and such excess, to the extent of plaintiff's judgment, would then be subject to garnishment.

It is the claim of the garnishee defendant that, since the $16,000 profit was not derived from the sale of the collateral belonging to the principal defendant, no obligation arises on the part of the bank to account to either the principal defendant or to the plaintiff in this garnishment proceeding for any portion of the profit received. On the other hand, it is plaintiff's claim that, since the transaction which resulted in the profit was undertaken by the bank incident to an attempt to realize upon the collateral deposited with the bank by the principal defendant, there must be an accounting for the resultant profit. This claim is on the theory that, when collateral is pledged incident to a loan, the bank, as pledgee, in the event it seeks to enforce its right by sale of collateral, acts as a trustee for the pledgor and is bound to proceed in good faith and account for any and all sums received by it as pledgee and trustee incident to such transaction. It may be conceded that appellee's contention in this particular is well founded, but it is not applicable

to the facts in this case. No trust relation or duty to account, in the manner asserted by appellee, arises unless and until there is a sale by the pledgee of the pledgor's property. Here the sale from which the $16,000 profit arose was not a sale of the pledgor's stock, and hence the pledgee (the garnishee defendant) was under no obligation to account therefor to Joel Stockard & Company. The latter company was in no way a party to the contract of sale. Its stock was not sold. The identical 697 shares of stock pledged by Joel Stockard & Company to the bank were produced at the trial of the garnishment issue. The bank as pledgee was under no obligation to sell the pledgor's stock. *Allen* v. *Hook*, 198 Mich. 122 (L. R. A. 1918 A, 441). Not being liable to Joel Stockard & Company, the bank is not liable as garnishee defendant to plaintiff herein. *Kidd* v. *Minnesota Atlantic Transit Co.*, 261 Mich. 31.

In view of the above determination, it is not necessary to discuss other questions raised in appellant's brief. The judgment entered in the circuit court is set aside, and the case remanded, with directions to enter judgment in accordance herewith. Costs to appellant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.